J. W. EWING, Appellant, v. THE CITY OF WEBSTER CITY, *et al.*

**Injunctions:** PENAL ORDINANCES. Proceedings to enforce a penal ordinance enacted by authority of the legislature are criminal, within the rule that the validity of a criminal statute will not be tested, nor its enforcement enjoined by a court of equity, unless the party seeking such relief will otherwise sustain irreparable injury for which he has no plain, speedy, and adequate remedy at law. *Sylvester v. City,* 130 Mo. 323, *disapproved.*

EQUITY JURISDICTION. Plaintiff, who had been twice convicted and fined for violating an ordinance requiring grain to be weighed on the city scales, and had appealed, brought suit, during pendency of the appeals, to restrain the city from enforcing the ordinance, and from further prosecuting plaintiff or any of his customers thereunder, on the ground that the ordinance was void; alleging that plaintiff's corncribs were one-half mile from the city scales, that all the eligible locations near the scales were occupied by other dealers, that sellers of corn refused to sell to plaintiff unless the corn could be weighed near his cribs, and that the granting of the relief demanded would avoid a multiplicity of suits. *Held,* that plaintiff could avoid a multiplicity of suits by obeying the ordinance, and that, though he must suffer some loss of business pending his appeals, or pay enough to secure the corn he desires, the loss would not be so great as to warrant the interference of equity. Citing *Poyer v. Des Plaines,* 123 Ill. 111; *West v. New York,* 10 Paige, 539; *Manchester v. Smyth,* 64 N. H. 380 (10 Atl. Rep 700); *State v. Patterson* (Tex. Civ. App.) 37 S. W. Rep. 478.

*Appeal from Hamilton District Court.*—HON. B. P. BIRDSALL, Judge.

FRIDAY, OCTOBER 15, 1897.

ACTION in equity to restrain the defendants from enforcing an ordinance of the city of Webster City. A temporary injunction was issued, but on subsequent

hearing on the pleadings and affidavits was dissolved, and from that order the plaintiff appeals.—*Affirmed.*

*Geo. Wambach, J. L. Kamrar,* and *Wambach & Richard* for appellant.

*C. A. Weaver* and *D. C. Chase* for appellees.

ROBINSON, J.—In the latter part of the year 1895 the plaintiff commenced buying and cribbing corn in the city of Webster City. In August, 1889, an ordinance had been enacted which provided for establishing at the city market place city scales suitable for weighing commodities of various kinds. The ordinance also provided for a city weigher, and fixed the fees to be paid for weighing. Sections 6 and 7 of the ordinance are as follows:

"Sec. 6. It shall be unlawful for any person, persons, firm, or corporation to buy or sell by weight, within the city of Webster City, Iowa, any stock or any grain, hay, straw, stone, coal or other commodity, commonly sold by weight, and weighed on wagon or stock scales, where the quantity exceeds 600 pounds, without procuring a draft of such stock or commodity to be made on the city scales. This section shall not be construed so as to prohibit the buying or selling of stock by the head, or commodity by the bulk, or otherwise than by weight. Nor shall it apply to persons living on farms, within the corporation, so as to prevent their buying produce for feeding purposes thereon, outside of the platted portion of the city. The buying or selling of any commodity embraced in the foregoing provisions, and weighed on other scales than the city scales, shall be presumptive evidence that the same is bought and sold by weight.

"Sec. 7. Any person found guilty of a violation of this ordinance shall be fined a sum of not less than five

dollars, or more than twenty-five dollars, and stand committed until such fine is paid."

On the twelfth day of December, 1895, the plaintiff was arrested, and fined five dollars, and required to pay the costs of the prosecution, for buying corn not weighed on the city scales; and on the next day he was again arrested, and required to pay a like fine and costs for a similar offense. From each judgment the plaintiff in this case appealed to the district court, and the appeals are now pending in that court, and undetermined. The distance from the city scales to the cribs of the plaintiff is about one-half mile, and on account of that distance sellers of corn refuse to sell to the plaintiff unless the corn can be weighed near the cribs. The location of the cribs is the nearest one to the scales which the plaintiff can procure, for the reason that all eligible locations which are nearer are already occupied by other dealers. The defendants are the city and its mayor and marshal. They threaten to prosecute the plaintiff and his customers if they do not weigh the corn sold on the city scales, and in consequence of the threats and prosecutions the business of the plaintiff has been greatly diminished. He states that the facilities for weighing furnished by the city are inadequate, and that the ordinance to which we have referred is unreasonable and void. He asks that the defendants be restrained from enforcing the ordinance, and from further prosecuting the plaintiff, or any of his customers, under the ordinance; and as one ground for the relief asked states that it will avoid a multiplicity of suits. A temporary injunction was issued to restrain the defendants from enforcing the ordinance as prayed. The answer of the defendants contains a general denial and pleads various matters in justification of the ordinance. A motion to dissolve the temporary injunction was filed by the defendants. The district court dissolved it on the ground "that the remedy

by injunction will not lie; that the court has no power to determine the validity of the ordinance in question in a suit in equity, but that the plaintiff must be relegated to the suits brought for the enforcement of the ordinance, wherein, if the ordinance is void, it will be a complete defense to such prosecutions." Webster City contains more than five thousand inhabitants, and is incorporated as a city of the second class. The defendants claim that the ordinance in question was authorized by section 456 of the Code of 1873, which provides, among other things, that incorporated cities and towns· have power to establish and regulate markets, to provide for the measuring or weighing of hay, coal, or any other article of sale; and by section 482, which authorizes such corporations to enforce obedience to ordinances by fine or imprisonment. These sections authorized the city to adopt an ordinance of the general scope and purpose of that in question; but an ordinance so adopted, to be valid, must be reasonable. In *Davis v. Town of Anita*, 73 Iowa, 325, an ordinance similar to that in question was considered, and held to be authorized, and this court held further, in effect, that for the town of Anita it appeared to be reasonable, and that an injunction to restrain its enforcement should not have been granted. But the power of a court of equity to grant an injunction to restrain prosecutions under such ordinances does not appear to have been considered. A court of equity will not interfere by injunction where the party desiring it has a plain, speedy, and adequate remedy in the ordinary course of the law. *Thomas v. Manufacturing Co.*, 76 Iowa, 738; *City of Council Bluffs v. Stewart*, 51 Iowa, 391. To prevent a multiplicity of suits is a well-recognized and favorite ground for the granting of relief by injunction. 1 High, Injunctions, section 12. But it is the general rule that

the validity of criminal statutes will not be tested, nor their enforcement restrained, by a court of equity. 1 High, Injunctions, section 20. Whether that rule is applicable to municipal ordinances which provide for penalties has been questioned by some authorities. In the state of Missouri the doctrine prevails that such ordinances are not criminal, and therefore that the rule last stated does not apply to them. See *Sylvester Coal Co. v. St. Louis*, 130 Mo. 323 (32 S. W. Rep. 649, 51 Am. St. Rep. 566), and cases therein cited. Whether offenses against municipal ordinances are to be regarded as criminal within the constitutional meaning of the term, for all purposes, we have no occasion to decide. See *City of Davenport v. Bird*, 34 Iowa, 524. But it is the established rule of this state that, for most purposes, at least, the violation of a municipal ordinance enacted by authority of the state is a crime, and that proceedings for its punishment are criminal. *City of Creston v. Nye*, 74 Iowa, 369; *State v. Vail*, 57 Iowa, 103; *Jaquith v. Royce*, 42 Iowa, 408. Therefore the rule in regard to testing the validity of criminal enactments applies in this state alike to statutes of the general assembly, and to municipal ordinances enacted pursuant to legislative authority. There are cases where a court of equity will enjoin an act, even though it be punishable as a crime, as an act which would cause irreparable injury. Thus an injunction would issue to prevent the unlawful destruction of trees, on the ground that they could not be replaced, and that the benefit their owner would derive from them cannot be accurately measured from a pecuniary standard. *Musch v. Burkhart*, 83 Iowa, 301, and cases therein cited. See, also, *Bolton v. McShane*, 67 Iowa, 207; *Deems v. Mayor of Baltimore*, 80 Md. 164 (30 Atl. Rep. 648, 45 Am. St. Rep. 339). In *Vegelahn v. Guntner* (Mass.) 44 N. E. Rep. 1077, it was said that "a continuing injury to property or business may be enjoined, although it may

be punishable as a nuisance or other crime." In *City of Austin v. Austin City Cemetery Association*, 87 Tex. 330 (28 S. W. Rep. 528, 47 Am. St. Rep. 114), it was said that the general rule that the aid of a court of equity cannot be invoked to enjoin criminal proceedings is "subordinate to the general principle that equity will grant relief where there is not a plain, adequate, and complete remedy at law, and when it is necessary to prevent an irreparable injury." It was accordingly held that the execution of a void ordinance in regard to the interment of the dead, which greatly prejudiced the property rights of the appellee, might be enjoined. In *Gas Co. v. Tyner* (Ind. Sup.) 31 N. E. Rep. 59, it was said to have been long settled "that a private citizen may maintain an action for a public wrong if he suffers an injury peculiar to himself, and not sustained by the public in general." We are of the opinion that if the ordinance in question be void, its enforcement may be enjoined, provided the plaintiff has shown that, if it is enforced, he will sustain irreparable injury, for which he has no plain, speedy, and adequate remedy in the ordinary course of the law. Has he shown that such would be the case? We think not. It is true, there are some averments in the petition and affidavits to the effect that the business of the plaintiff will be ruined if all the corn he buys must be weighed on the city scales; but in view of the facts shown, those averments are not reasonable. Provisions for weighing on the city scales appear to be ample. The defendant can avoid all danger of the prosecution of himself and the persons of whom he buys by having the corn weighed as required by the ordinances. His cribs are half a mile from the scales, but those of other buyers must be removed from them some distance, and he must suffer the loss of business which is inevitable from the attempt to do business in a location less desirable

than that occupied by others, or pay enough for what he buys to secure the corn he wishes to purchase. This he may do while he is prosecuting his appeals and obtaining a decision as to the validity of the ordinance in question from a court of competent jurisdiction, in the manner provided by law. While he may suffer some inconvenience, and even some pecuniary loss, pending the determination of his cases, yet they will not be so great as to warrant the interference of a court of equity. There is no occasion for a multiplicity of suits. Our conclusion finds support in the following authorities: *Poyer v. Village of Des Plaines,* 123 Ill. 111 (13 N. E. Rep. 819), and cases therein cited; *West v. New York,* 10 Paige, 539; *City of Manchester v. Smyth* 64 N. H. 380 (10 Atl. Rep. 700; *State v. Patterson* (Tex. Civ. App.) 37 S. W. Rep. 478; 2 High, Injunctions, section 1244. The order of the district court dissolving the temporary injunction appears to have been correct, and it is AFFIRMED.