C. C. COOK, Appellant, v. R. K. DAVIS et al., Appellees.

No. 42271.

FEBRUARY 13, 1934.

REHEARING DENIED JUNE 23, 1934.

Shaw & Yoder, for appellant.

Harold J. Fleck and Thomas J. Bray, for appellee Davis.

STEVENS, J.—Appellant is a resident of the city of Oskaloosa and has for many years been engaged in the business of making and selling photographs in said city. Having entered into a contract with a local theater to furnish it photographs of children living in said city to be displayed at said theater, he employed four persons to take photographs of children in the city to be developed and completed by appellants. The four employees, all of whom were non-residents of the city, visited the homes of the city procuring photographs and delivering them to appellant. They were paid compensation upon a percentage basis. All the instrumentalities of the business and the photographs belonged to appellant. While thus employed, the four employees were arrested upon a charge of violating an ordinance of the city of Oskaloosa defining and providing punishment for peddlers and itinerant merchants operating within such corporate limits without first having procured a license. The parties arrested were convicted and a fine of $100 assessed against each of them, together with the costs incident to the prosecution.

This action to restrain the mayor of said city from further interfering with or prosecuting the employees of appellant under the ordinance referred to was commenced in July, 1932. A temporary writ of injunction was promptly issued. Final order and decree dissolving the temporary injunction was entered February 21, 1933. In the meantime, the appellee Davis, who was mayor at the time this action was commenced, had surrendered his place of power to George Burdock, his successor to the office of chief executive of said city. The municipality is not a party to this action.

It is the contention of the appellant that the ordinance complained of is, in part at least, invalid, and that, when properly construed, is not applicable to the situation presented in this case. On the other hand, it is contended by appellee that an action in equity will not lie to restrain the enforcement of a penal ordinance for the reason that the party aggrieved has a speedy and adequate remedy at law, and that, assuming the invalidity of the ordinance, full relief had already been given appellant under the temporary writ.

As a general rule, a suit in equity will not lie to restrain the enforcement of a penal statute or ordinance, but, if it is made to appear that the plaintiff will suffer irreparable injury, and that there is no other speedy and adequate remedy at law, an injunction will lie. If the enforcement of an ordinance claimed to be invalid amounts to an invasion of property rights or results in irreparable injury to the plaintiff, such enforcement may be restrained by a court of equity. Huston v. City of Des Moines, 176 Iowa 455, 156 N. W. 883; Bear v. City of Cedar Rapids, 147 Iowa 341, 126 N. W. 324, 27 L. R. A. (N. S.) 1150; Ewing v. City of Webster City, 103 Iowa 226, 72 N. W. 511; Mart & Son v. City of Grinnell, 194 Iowa 499, 187 N. W. 471.

The record in this case is brief and not quite explicit as to some material matters. We gather, however, therefrom that no prosecution has been threatened or is contemplated by the former or present mayor of said city against appellant upon the theory that he has in any way violated the ordinance in question.

The contract between appellant and the local theater was, in virtue of the purpose thereof, necessarily, more or less, temporary in character. We find nothing in the record tending to show that any of the alleged offending employees were present in said city or contemplate further solicitation or violation of the ordinance, if their acts amounted to such.

It is conceded that appellant is a resident of and has his principal place of business in the city of Oskaloosa. The former mayor repeatedly threatened to rearrest appellant's nonresident employees if they continued soliciting for photographs, but not appellant. There is nothing in the record in any way tending to show that the present mayor has in the past, or is now, threatening to in any way interfere with appellant in his business or to prevent his employees from soliciting and making photographs for him. The construction of the ordinance is an important question in this case. The right of municipalities to enact ordinances making reasonable provisions requiring peddlers and transient merchants to pay a license thereto is not only authorized by the statutes of this state, but has been many times upheld by the decisions of this court. The citation of authorities at this point is unnecessary. In so far as appellant may have a remedy in equity to enjoin the mayor of Oskaloosa from invading his property rights or working some irreparable injury to him under said ordinance, there is no apparent present occasion for invoking

such remedy. There is no evidence of any threatened unlawful invasion of any of appellant's property or other rights in the proper conduct of his business. The present mayor, so far as the record shows, may place the identical construction upon the ordinance assailed for which appellant now contends. This court will not, in such situation, grant a permanent writ, nor decide hypothetical or moot questions of law. The judgment is affirmed.—Affirmed.

CLAUSSEN, C. J., and ANDERSON, MITCHELL, and KINTZINGER, JJ., concur.