EDWARD J. SINGER, REBA SINGER (his wife) SAMUEL KULOK and CONSTANCE KULOK (his wife), as partners doing business under the firm name of NATIONAL HOTEL, and WILLIAM H. SIMON, v. BEN HOW REALTY, INC., a Florida corporation, MORRIS SCHWARTZ, J. Y. GOOCH CO., INC., a Florida corporation, GEORGE E. BUNNELL, INC., a Florida corporation, GEORGE E. BUNNELL, NORMAN FERDARKO, W. L. McKINLEY and PHILIP E. ELLIS.

34 So. (2nd) 553                  January Term, 1948
March 30, 1948                     En Banc

*Broad & Cassel, Vincent C. Giblin* and *John D. Marsh,* for appellants.

*Abe Schonfeld,* for appellees.

ON PETITION FOR REHEARING

BARNS, J.:

After this cause was submitted to Division B for decision and opinion was rendered by such "division," it was suggested that the appeal should not be concluded by a "division" but that it should be considered and determined by the Court *en banc.*

Our Constitution, in respect to such matters, provides:

"Section 4. (a) The Supreme Court may hear, consider and determine cases and exercise all its powers and jurisdiction as a single body in which case a majority of the members of the Court shall constitute a quorum for the dispatch of business; or it may exercise its powers and jurisdiction in divisions.

"(b) . . . A division shall consist of three members of said court exclusive of the Chief Justice, and the judgment of a division concurred in by the Chief Justice shall be the judgment of the Court unless such case involves . . . the determination of a State or Federal constitutional question wherein shall be brought into controversy the constitutionality of a

Federal or State statute, rule, regulation or municipal ordinance . . . whereupon it shall require the consideration of two divisions and the Chief Justice."— (Article 5, Florida Constitution).

Section 4(b) of Article 5 places a limitation on a division's considering some constitutional questions but leaves it within the power of a division to consider other constitutional questions.

The Constitution provides that:

"The judgment of a division concurred in by the Chief Justice shall be the judgment of the court unless such case involves the determination of a State or Federal question wherein shall be brought into controversy the constitutionality of a Federal or State statute, rule, regulation or municipal ordinance, whereupon it shall require the consideration of two divisions *and the Chief Justice.*"*

The language of the Constitution dealing with a "constitutional question" wherein the constitutionality of a Federal or State statute, rule, regulation or municipal ordinance "has been brought into controversy" was prompted by the Federal Act conferring appellate jurisdiction upon the Supreme Court of the United States, as follows:

"A final judgment or decree in any suit in the highest court of a State in which a decision in the suit could be had . . . where is drawn in question the validity of a statute of any State, on the ground of its being repugnant to the Constitution, treatises, or laws of the United States, and the decision is in favor of its validity, may be reviewed by the Supreme Court upon a writ of error."

28 U.S.C.A., Sec. 344 (a).

Under our Constitution the appellate "case" presenting the question of the constitutionality of a statute, rule, etc., does not depend upon a "decision in favor of its validity" in the lower court. It provides in effect that when the party

---

*(The Chief Justice is spoken of as a unit and a division is likewise spoken of as a unit. This was necessary because of the provision that a division should consist of three members exclusive of the Chief Justice. The Constitution excluded the Chief Justice from a "division," therefore he had to be added in order to exact his consideration).

aggrieved by a holding in *favor of or against* the validity of such statute, rule, etc., procures its review by the Supreme Court, then such constitutional question "brought into controversy" by the assignments of error on appeal cannot be reviewed by a "division" alone.

Ordinarily the "case" made on appeal in order to "involve the determination of a constitutional question" wherein "the constitutionality of a statute, rule, etc.," is "brought into controversy" must depend upon the lower court's holding such statute, rule, etc., either valid or invalid and the party adversely affected *must* have an assignment of error invoking the review of such ruling in order that it may be "brought into controversy" on appeal.

*Constitutional questions—by "division"—when.*

It will be noted that this section of the Constitution leaves open for consideration by a division any question for the *construction and interpretation* of any clause of the Constitution, as well as of a statute, rule, regulation or municipal ordinance.

When the case involves the constitutionality of the statute, rule, regulation or ordinance and also questions independent of such constitutionality, and the decision of the lower court is not shown to have been adverse to the constitutionality of the statute, rule, regulation or ordinance, then there arises the question of whether or not the case on appeal involves the constitutionality of such statute, rule, regulation or ordinance.

Under such circumstances the Court will be confronted with difficulties similar to those experienced by the United States Supreme Court when the decision of the lower court rests upon both a Federal and a non-Federal question. (See Am. Jur., U. S. Court's Sec. 171.5, p. 802).

The Chancellor, in making his ruling herein, specifically held the ordinance "void" and appellant assigned as error that:

"The Court erred, to the damage and prejudice of the plaintiffs, and each of them, by the order appealed from, in holding that section 6 of ordinance numbered 497 of the City of Miami Beach is unreasonable and void."

Section 4(a) supra of our Constitution provides that the Supreme Court may "exercise its powers and jurisdiction" as a "single body," in which event a majority of four may constitute a quorum or it may "exercise its powers and jurisdiction in divisions" and the "judgment of a division concurred in by the Chief Justice shall be the judgment of the court," unless the appellate case involves the constitutionality of an ordinance.

Since the equity of the bill does not depend upon the validity of the ordinance and inasmuch as the case as submitted has had the consideration of four members of this Court who have all concurred and the merits of the appeal have been fully considered by all of them, which would satisfy the exactions of the Constitution in the form and substance if the hearing had been in the name of and as a single body, the petition for rehearing is denied.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS and SEBRING, JJ., concur.