STONER McCRAY SYSTEM, appellee, v. CITY OF DES MOINES, FRED HEYER, inspector of buildings, LEWIS A. ROYAL, city prosecutor, and TOD LYON, bailiff of Municipal Court, appellants.

No. 49046.

(Reported in 78 N.W.2d 843)

1314

OCTOBER 16, 1956.

Wade Clarke, Corporation Counsel, Cloid I. Level, City Solicitor, and Anthony T. Renda, Assistant City Solicitor, all of Des Moines, for appellants.

Brody, Parker, Miller, Roberts & Thoma, of Des Moines, for appellee.

LARSON, J.—This is an action in equity to enjoin the defendants from enforcing Zoning Ordinance No. 5453 of the City of Des Moines, Iowa, with reference to plaintiff's outdoor advertising signs and billboards which were being maintained on certain specifically described tracts of land owned or leased by plaintiff. Plaintiff contends the ordinance attempts to make an unconstitutional discrimination against plaintiff and its property, attempts to destroy plaintiff's vested property rights, and attempts to deprive plaintiff of its property without due process of law. The trial court found for the plaintiff and enjoined defendants from interfering with plaintiff's right to maintain and operate the outside advertising signs and billboards on the properties specifically described in plaintiff's petition. Defendants appeal.

The plaintiff herein, The Stoner McCray System, is a corporation duly organized under the laws of the State of Iowa, with its principal place of business in the City of Des Moines, Iowa.

The defendants are the City of Des Moines, Iowa, a municipal corporation; Fred Heyer, the duly appointed qualified and acting inspector of buildings of said city; the city prosecutor; and the bailiff of said Municipal Court.

Plaintiff complains of defendants' failure to follow rule 344, R. C. P., in preparing and presenting propositions upon which it claims error, and it is true we are somewhat at a loss to determine just what errors appellants claim the trial court made in its conclusions of law and fact. We were not favored with an oral presentation of this matter and must therefore decide the best we can on whether or not the ordinance violated constitutional guarantees and, if so, whether or not the trial court's action was correct in issuing herein an injunction denying the city power to enforce the provisions of Ordinance No. 5453 as it relates to the abolishment of billboards and signs.

The propositions presented by this appeal are primarily questions of law. The facts were established without material dispute in the record. The zoning Ordinance No. 5453 in question went into effect July 15, 1953, and we have previously held it had the effect of repealing the previous zoning Ordinance No. 3619 and amendments thereto. Brackett v. Des Moines, 246 Iowa 249, 67 N.W.2d 542.

Section 2A-3 of Ordinance No. 5453 provides:

"Billboard: 'Billboard' as used in this ordinance shall include all structures, regardless of the material used in the construction of the same, that are erected, maintained or used for public display of posters, painted signs, wall signs, whether the structure be placed on the wall or painted on the wall itself, pictures or other pictorial reading matter which advertise a business or attraction which is not carried on or manufactured in or upon the premises upon which said signs or billboards are located. * * *

"Building: Any structure designed or intended for the support, enclosure, shelter or protection of persons, animals, or property, *but not including signs or billboards.* * * * [Emphasis supplied.]

"Nonconforming use: The conforming or nonconforming use of any building or land pursuant to the ordinances amended hereby which use was established prior to or at the time of passage of this Ordinance, or amendments thereto, which does not conform after the passage of this Ordinance, or amendments thereto, with the use regulations of the district in which it is situated. * * *"

Section 2A-7 provides:

"Conformance Required. Except as hereinafter specified, no building or structure shall be erected, converted, enlarged, reconstructed or structurally altered, nor shall any building or land be used, which does not comply with all of the district regulations established by this ordinance for the district in which the building or land is located.

"Continuing Existing Uses. The use of a *building* existing at the time of the enactment of this Ordinance may be continued even though such use may not conform with the regulations of

this Ordinance for the district in which it is located. Any use in existence at the adoption hereof which was not an authorized 'nonconforming use' under previous zoning ordinances shall not be authorized to continue as a nonconforming use pursuant to this ordinance, or amendments thereto." (Emphasis supplied.)

The provisions of the previous zoning Ordinance No. 3619 legalized April 15, 1939, by an Act of the Iowa Legislature, and re-enacted as Appendix 2 to Ordinance No. 4724 in 1942, provided for nonconforming uses as follows:

"The *lawful use of land* existing at the time of the passage of this ordinance, although such use does not conform to the provisions hereof, may be continued, but if such nonconforming use is discontinued, any future use of said premises shall be in conformity with the provisions of this ordinance. * * * Whenever a use district shall be hereafter changed, any then existing nonconforming use in such changed district may be continued or changed to another nonconforming use of the same or more restricted classification, provided all other regulations governing the new use are complied with." (Emphasis supplied.)

The record discloses and the trial court found, of 39 tracts of land owned by plaintiff, 29 tracts constituted legal and conforming uses of the land prior to the enactment of Ordinance No. 5453 in 1953, and ten other tracts constituted legal nonconforming uses prior to said enactment; also that of 22 tracts of land leased by plaintiff, 20 tracts constituted legal and conforming uses of said land, and the other two tracts constituted legal nonconforming uses prior to the enactment of Ordinance No. 5453 in 1953.

By the terms of Ordinance No. 5453 the city was so rezoned that plaintiff's billboards on land owned or leased by it were placed in zones where continued use thereof was either prohibited or permissive only at the option of the city.

The record discloses, and it is not controverted, that on each tract of land owned by plaintiff, billboards, if not already there, were placed thereon within thirty days after title was acquired; that at the time all necessary permits to erect said signs were obtained from the City of Des Moines, and that no contention has been made by defendants that any structures or billboards maintained by plaintiff are nuisances.

Thus the contentions which appear to be at issue before us are that Ordinance No. 5453 attempts to make an unconstitutional discrimination against plaintiff and its property, attempts to destroy plaintiff's vested property rights, and attempts to deprive plaintiff of its property without due process of law, all in violation of the State and Federal Constitutions. Section 9, Constitution of State of Iowa; Fourteenth Amendment to the Constitution of the United States.

I. As in the Central States Theatre Corp. v. Sar case, 245 Iowa 1254, 66 N.W.2d 450, we find the briefs furnished have taken a wide range, but in our view the basic principles upon which a final determination must rest are not complicated and the required decision is clear.

 It is, of course, well settled that when constitutional questions are raised, all reasonable intendments must be indulged in favor of the validity of the enactments. We are aware that for us to declare Acts of the legislative body illegal because they transgress upon provisions of the State or Federal Constitution, we should do so when exercising great care and only in compelling cases. Central States Theatre Corp. v. Sar, supra; Miller v. Schuster, 227 Iowa 1005, 1014, 289 N.W. 702, 706, 707. Yet even keeping this rule in mind, we find here no means of escape from the conclusion that the provision of Ordinance No. 5453 relating to the abolishment of existing signs or billboards is invalid, and therefore agree with that conclusion of the trial court.

 II. It is true when a municipal corporation exercises its police power the courts will not interfere unless there has been a clear abuse of discretion, 62 C. J. S., Municipal Corporations, section 199, page 375, and where the police power is exercised through an ordinance enacted under express statutory authority, as here, the courts cannot determine the reasonableness of the ordinance or question the same except upon constitutional grounds. General Outdoor Advertising Co. v. Indianapolis, 202 Ind. 85, 172 N.E. 309, 72 A. L. R. 453.

 Billboards properly may be put in a class by themselves and may in the future be prohibited "in residence districts of a city in the interest of the safety, morality, health and decency of the community." Thomas Cusack Co. v. Chicago, 242 U. S.

526, 530, 37 S. Ct. 190, 191, 61 L. Ed. 472, L. R. A. 1918A 136, Ann. Cas. 1917C 594; idem 267 Ill. 344, 108 N.E. 340, Ann. Cas. 1916C 488. A reasonable control or regulation of the construction and maintenance of advertising billboards by the municipality is proper. Under a liberal construction of the general welfare purposes of the State and Federal Constitutions we note a trend to foster under police power the aesthetic and cultural side of municipal development—to prevent a thing that offends the sense of sight in the same manner as a thing that offends the senses of hearing and smelling. 3 McQuillin, Municipal Corporations, (2d) 1049; Ware v. Wichita, 113 Kan. 153, 157, 214 P. 99; State ex rel. Carter v. Harper, 182 Wis. 148, 158, 196 N.W. 451, 33 A. L. R. 269. This trend, of course, must be kept within reasonable limitations and it has often been held a city may not prohibit billboards merely because such boards are unsightly. Bryan v. Chester, 212 Pa. 259, 61 A. 894, 108 Am. St. Rep. 870; Varney & Green .v. Williams, 155 Cal. 318, 100 P. 867, 21 L. R. A., N. S., 741, 132 Am. St. Rep. 88; 30 Iowa L. Rev. 135; St. Louis Gunning Adv. Co. v. St. Louis, 235 Mo. 99, 137 S.W. 929, and cases cited therein; St. Louis Poster Adv. Co. v. St. Louis, 249 U. S. 269, 39 S. Ct. 274, 63 L. Ed. 599; Clifton Hills Realty Co. v. Cincinnati, 60 Ohio App. 443, 21 N.E.2d 993; 8 McQuillin, Municipal Corporations, 3d Ed., sections 25.40–25.47, pages 68–88; Appeal of Liggett, 291 Pa. 109, 139 A. 619.

Aesthetic consideration can be said to enter into the matter as an auxiliary consideration where the zoning regulation has a real or reasonable relation to the safety, health, morals or general welfare of the community. State ex rel. Civello v. New Orleans, 154 La. 271, 97 So. 440, 33 A. L. R. 260; Ayer v. Commissioners, 242 Mass. 30, 136 N.E. 338; In re Opinion of the Justices, 234 Mass. 597, 127 N.E. 525.

"Aesthetic considerations are a matter of luxury and indulgence rather than of necessity, and it is necessity alone which justifies the exercise of the police power to take private property without compensation" said the court in City of Passaic v. Paterson Bill Posting etc. Co., 72 N. J. L. 285, 287, 62 A. 267, 268, 111 Am. St. Rep. 676, 5 Ann. Cas. 995.

We do not wish to infer herein that under certain circumstances a municipality could not provide for the termination of nonconforming uses, especially if the period of amortization of the investment was just and reasonable, and the present use was a source of danger to the public health, morals, safety or general welfare of those who have come to be occupants of the surrounding territory. Los Angeles v. Gage, 127 Cal. App.2d 442, 274 P.2d 34. The facts in the case before us, we think, do not fall into that category, for here the ordinance attempts to require the removal of nonconforming signs in certain zones within a two-year period. Nothing appears in the record to support the reasonableness of such a limitation.

In United Adv. Corp. v. Borough of Raritan, 11 N. J. 144, 93 A.2d 362, at 366 and 367, it was held that the ordinance before the court was invalid insofar as it required removal of nonconforming signs within two years, because it was plainly contrary to express provisions of the New Jersey statute relating to continuance of nonconforming uses, and that the municipality had no power to limit by zoning ordinance the rights expressly given the owner by statute. This court has recognized such property rights in all our past decisions, and therefore substantial reasons must be made to appear to justify any restriction of those rights.

III. Defendants also complain of the trial court's finding that the expenditures made by plaintiff-corporation in its outdoor advertising construction are sufficient to establish "vested rights" under a zoning law. They cite, as authorities, Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 184 N.W. 823, 23 A. L. R. 1322; Kiges v. St. Paul, 240 Minn. 522, 62 N.W.2d 363; annotation 138 A. L. R. 506; 9 Am. Jur., Buildings, section 8, page 205; 58 Am. Jur., Zoning, section 185. In the Manhattan Oil Company case, as plaintiff points out, we held that while the permit had been granted, it was revoked by the city prior to the time any title or interest in the land had been acquired, and of course no expenditure was shown to have been made on the strength of the permit. On the other hand we specifically held in the later cases of Rehmann v. Des Moines, 200 Iowa 286, 290–293, 204 N.W. 267, 40 A. L. R. 922, and

Crow v. Board of Adjustment of Iowa City, 227 Iowa 324, 327–329, 288 N.W. 145, wherein we referred to the Rehmann case, that when one expends substantial sums in property improvements in reliance upon a permit duly issued by the city, a "vested interest" results and the permit cannot be arbitrarily revoked. We said in the Crow case at page 328 of 227 Iowa, page 147 of 288 N.W.: "The building permit was valid in its inception and during the time the construction work was in progress. Due to the change in status quo during this period, Dr. Crow secured a *vested right* to proceed under the building permit as issued." (Emphasis supplied.) We believe such pronouncement is sound and we reaffirm it. The trial court did not err in determining plaintiff-corporation had shown a vested right, for it was not disputed that it obtained all necessary permits before the signs were erected or that the amount invested in each sign in reliance upon said permit was approximately $600. We conclude plaintiff's vested interest was clearly established in a useful and legal structure and business prior to the enactment of the ordinance in question. Rehmann v. Des Moines and Crow v. Board of Adjustment of Iowa City, both supra. The use prior to the enactment of Ordinance No. 5453 was an authorized, recognized useful and lawful business or occupation carried on upon the respective tracts of land in the various districts of the city.

IV. Defendants further contend that under section 414.1 and section 368.2 of the 1954 Code of Iowa the municipality has implied powers to terminate and abolish this use within various zones.

Section 414.1 as amended provides authority under police power to "regulate and restrict the height * * * and size of * * * structures * * *."

Section 368.2 provides: "Cities and towns * * * shall have the general powers and privileges granted, and such others as are incident to municipal corporations of like character, not inconsistent with the statutes of the state * * *."

We have examined the cases of Bear v. Cedar Rapids, 147 Iowa 341, 126 N.W. 324, 27 L. R. A., N. S., 1150, and Des Moines v. Fowler, 218 Iowa 504, 255 N.W. 880, cited in support

of this proposition and fail to find aid or comfort therein for defendants. They hold such municipalities can exercise only such powers as are expressly granted, or such implied ones as are necessary to make available the powers expressly conferred. Powers granted by the Legislature must be granted in express words, and implied powers must be more than simply convenient —they must be indispensable to the exercise of express powers. Here the only express power given the city to abate billboards is found in subsection 7, section 657.2, Code of 1954, and when construed with section 319.10, Code of 1954, relates only to the abatement of nuisances. No claim was made that any of plaintiff's billboards were nuisances and the trial court correctly found that issue was not before it. Regardless of this contention by defendants, certainly arbitrary powers advocated by defendants, expressly granted or implied, would violate constitutional guarantees and could not be upheld.

V. The nub of this case is found in the question of whether or not the municipality may, by enacting a zoning ordinance, destroy or take the private property of plaintiff *without compensation,* especially when prior to the enactment of the ordinance the plaintiff had expended substantial sums, as disclosed by the record, in constructing and operating upon lands owned or leased by it a lawful and useful business or occupation which was not a nuisance. Passing quickly then from the question as to whether such operations may be prohibited in certain districts in the future, we find almost all of the authorities in agreement that a city cannot prevent the use of a sign previously and legally erected on real property unless it is nuisance per se. Illinois Life Ins. Co. v. Chicago (1927), 244 Ill. App. 185.

We held in Anderson v. Jester, 206 Iowa 452, 457, 221 N.W. 354, 357: "Arbitrary and unreasonable restrictions upon the use and enjoyment of property, prohibition of use which does not interfere with the equally rightful use and enjoyment by others of their property, or with the paramount rights of the public, or deprivation of property without due process of law, cannot be sustained, * * *."

And in Central States Theatre Corp. v. Sar, supra, 245 Iowa 1254, 1259, 66 N.W.2d 450, 453, we said: "The right to operate

a legitimate business is one which the state may regulate but may not prohibit or unreasonably restrict. We have often so held."

Also see Rehmann v. Des Moines, supra, 200 Iowa 286, 291, 204 N.W. 267, 269, 40 A. L. R. 922; Gilchrist v. Bierring, 234 Iowa 899, 909, 14 N.W.2d 724, 729.

■ Having obtained all necessary permits to erect and operate their signs and boards upon the respective properties, and having promptly expended substantial sums of money thereon in reliance upon those permits, theirs was a vested interest or property right which could not be arbitrarily interfered with or taken from them without compensation. Crow v. Board of Adjustment of Iowa City and Rehmann v. Des Moines, both supra, and cases cited therein.

■ We find and approve a statement found in Wolverine Sign Works v. City of Bloomfield Hills, 279 Mich. 205, 208, 271 N.W. 823, 825, where the court said: "The city may establish zones and prohibit the erection of billboards therein and may, to promote public health, safety and general welfare, within reasonable considerations, regulate the maintenance of billboards *but may not arbitrarily strike down the maintenance of erected billboards* or vest such power of arbitrary action in municipal officers. The quoted ordinance so offends and in such particular is invalid and the decree so adjudging is affirmed, * * *." (Emphasis supplied.)

In fact we have found no cases where there was a vested right and where the business carried on was not a nuisance, where the courts have permitted such provisions of an ordinance to stand. In the American Casebook Series, Cases on Municipal Corporations—Stason, chapter 3, section 2, pages 229, 234, is found the key case of General Outdoor Advertising Co. v. Indianapolis (1930), 202 Ind. 85, 98, 172 N.E. 309, 314, 72 A. L. R. 453, 462. The court said therein: "The Legislature may enact regulations applicable to structures and uses which existed before the enactment, but, where such structures and uses are not nuisances per se, their removal or destruction cannot be ordered without just compensation. 43 C. J. 328, 329, 401. [Citing cases.]"

Also see Illinois Life Ins. Co. v. Chicago (1927), supra, 244 Ill. App. 185, where it was held "that a city cannot prevent the use of a sign erected on a building prior to the passage of a zoning ordinance, unless it is nuisance per se."

As pointed out in the Indianapolis case, it is not the usual legislative practice to make such laws and ordinances retroactive, and in the case of Whitmier & Filbrick Co. v. Buffalo (1902 C. C.), 118 F. 773, 776, we find the following: "Such structures are not per se illegal by reason of this ordinance, which has been declared valid. The ordinance cannot be retroactive."

Clearly the ordinance before us requires the immediate removal of appellee's billboards or requires special council permission be obtained to keep some of them in use, and does not provide for compensating appellee for those abolished. That portion of the ordinance denying appellee the right to continue the legal and useful business upon its property cannot be denied it unless just compensation is provided for the taking, and to this extent Ordinance No. 5453 is invalid. Such determination to a large extent disposes of the case, and although defendants complain of other findings and conclusions of the trial court, no further discussion of them is necessary or material to this decision.

 VII. There remains but one proposition, and it is fairly clear in view of our determination of the constitutional question. The trial court was right in enjoining appellants from attempting to deprive appellee of its property rights and, especially so under the circumstance disclosed by the record that city officials were threatening to enforce by criminal proceeding the offensive and invalid provisions of the Ordinance No. 5453, which would result in irreparable injury to appellee and result in a multiplicity of suits. Under such circumstances a court of equity may enjoin the attempted enforcement of an unconstitutional statute or ordinance to prevent irreparable injury to the business and property of the plaintiff and to avoid a multiplicity of suits. We agree that, in view of other approved findings and conclusions of the court, this was a proper exercise of that power. Central States Theatre Corp. v. Sar, supra, 245 Iowa 1254, 66 N.W.2d 450; 28 Am. Jur., Injunctions, section

182, pages 370, 371; Bear v. Cedar Rapids, supra, 147 Iowa 341, 126 N.W. 324; Huston v. Des Moines, 176 Iowa 455, 156 N.W. 883; Cook v. Davis, 218 Iowa 335, 252 N.W. 754.

We conclude that so far as Ordinance No. 5453 attempts to prohibit or deny the use and maintenance of existing legally established structures referred to as billboards and signs in said ordinance, the same is invalid, and that the trial court rightly enjoined permanently defendants' attempts to enforce the offensive provisions of said ordinance, and its judgment and decree thereon is affirmed.—Affirmed.

All JUSTICES concur.