THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JUAN PÉREZ MÉNDEZ, Defendant and Appellant.

No. 16787.   Decided September 21, 1961.

*Santos P. Amadeo, Francisco Coll Moya,* and *Antonio Quirós
Méndez* for appellant.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the
Court.

One of the divisions of this Court, composed of three
Justices, affirmed the judgment entered against the appel-
lant.

In a motion entitled "Motion of Coram Nobis Nature," addressed to the Court in banc, the appellant prays that the judgment rendered by the division be set aside, alleging as ground that the said judgment is null and void because the division had no authority to hold that Act No. 220 of May 15, 1948 (*Bolita* Act) (Sess. Laws, p. 738) is constitutional. His theory is, briefly, that the Supreme Court of Puerto Rico "in full is the exclusive forum for passing upon the constitutionality or unconstitutionality of a duly challenged statute."

Appellant is not correct. When our Constitution took effect in 1952, its Art. V, § 4, provided:

"The Supreme Court shall sit, in accordance with the rules adopted by it, as a full court or in divisions. All the decisions of the Supreme Court shall be concurred in by a majority of its members. No law shall be held unconstitutional except by a majority of the total number of Justices of which the Court is composed in accordance with this Constitution or with law."

This § 4 was amended by the people in the general elections of November 8, 1960. The amendment consisted in providing that a division shall be composed of not less than three Justices, and in eliminating the provisions requiring that all the decisions of the Supreme Court shall be concurred in by a majority of its Justices.

The provision eliminated in 1960 was precisely the provision which prevented the Supreme Court from adopting the decision of a division as its own decision, unless, of course, such decision were concurred in by a majority of the Justices of the Court.

However, the original provision that "No law shall be held unconstitutional except by a majority of the total number of Justices of which the Court is composed . . . ," remained unaltered by the 1960 amendment, and the said § 4 reads at present as follows:

"The Supreme Court shall sit, in accordance with rules adopted by it, as a full court or in divisions composed of not less than three Justices. No law shall be held unconstitutional except by a majority of the total number of Justices of which the Court is composed in accordance with this Constitution or with law." [1]

At the time Art. V, § 4 (then § 6), was being discussed in the Constituent Assembly, attempts were made to change the language in order to provide that every constitutional question shall be passed upon by an absolute majority of the full Court. Delegate Juan B. Soto proposed:

"To request, to propose the following amendment, that where it says in line 14, beginning at the end of line 13, where the paragraph begins: 'All the decisions of the Court shall be concurred in by a majority of its members,' there should be added 'and every constitutional question shall be passed upon by an absolute majority of the full Court.' The words 'No law shall be held unconstitutional except by an absolute majority of the full Court' should be deleted." (Journal of Proceedings, Constituent Assembly, p. 214.)

The said amendment was amply discussed. Its proponent argued that under "Section 6 (final § 4), as worded, the Government has an advantage, which is that, if a law is enacted which violates the rights of a citizen, three Justices will be sufficient to say that it does not violate it, but that four Justices will be needed to say that that provision violates the rights of a citizen." (At p. 215.)

---

[1] Section 3 of Art. V of our Constitution provides that the Supreme Court shall be composed of a Chief Justice and four Associate Justices, and that the number of Justices may be changed only by law upon request of the Supreme Court. By Act No. 2 of August 4, 1952 (Sp. Sess. Laws, p. 114), the number of Justices was changed to a Chief Justice and six Associate Justices, and by Act No. 7 of May 6, 1961, it was changed to a Chief Justice and eight Associate Justices, of which the Supreme Court is composed at present. This Act also contains provisions on the functions of the Court and the manner of determining the unconstitutionality of a law, which are exactly the same as those contained in § 4, Art. V of the Constitution. See, also, Rule 3, subd. (b), of the Rules of the Supreme Court approved July 1, 1961.

Gutiérrez Franqui argued against the amendment. Among other things, he said:

"What we wish to establish here is to recognize constitutionally the validity of the principle that every statute is presumed constitutional, and to establish that in order to hold that it is repugnant to the Constitution, a majority of the Court sitting at a given moment is not sufficient and that an absolute majority of all the members is necessary . . ." (Journal of Proceedings, Constituent Assembly, p. 215.)

The amendment was defeated by the Assembly. Had it been approved, the defendant-appellant would be correct in his contention. In its legal effects, we are asked to give effectiveness to a proposition which was rejected by the Constituent Assembly.

In the Report of the Juridical Committee submitted to the House on June 2, 1960, on H.J.R. 24, which submitted to the voters the amendment to § 4 of Art. V of the Constitution, it was said:

"In closing, our Committee is of the opinion that it is necessary to point out that the organization of the Supreme Court into divisions is not a new solution to the problem of the congestion of cases in a court of last instance either in Puerto Rico or in other jurisdictions and countries. Thus, in Puerto Rico it was contemplated that the Supreme Court be divided into divisions since the Constitution went into effect in 1952. This manner of operating has not solved the congestion of cases in the Supreme Court because, as stated by that Court, the decisions of each division must be concurred in by a majority of the full Court. In addition to Spain and France, there is a number of Iberian-American countries where the Supreme Court, under the provisions of the National Constitution, may be divided into divisions, among which are Bolivia, Colombia, Costa Rica, Cuba, Mexico, and El Salvador. Also permitted is the functioning of the Supreme Court divided into divisions in the States of Louisiana, Nebraska, Mississippi, Minnesota, Tennessee, and Washington. . ."

In another part of that report, which was submitted after holding hearings and receiving suggestions from members of the Bar, it is said:

"The Supreme Court shall have full discretion to determine, among other things, the following:

"   .        .        .        .        .        .        .        .

"(5) Those cases in which, by reason of public interest or by the importance of juridical questions raised, or for some other reason which the Court may deem pertinent, the Court believes that a case should be heard by the full Court."

■■ Therefore, it is up to the Court to decide whether a case shall be considered by the full Court. The only limitation imposed is that no law shall be held unconstitutional except by a majority of the total number of the Justices of which the Court is composed.

There are several states whose constitutions permit the system of divisions. (Index Digest to State Constitutions, p. 254, Columbia University Publication.) Arkansas, Colorado, Nebraska, North Carolina, and Virginia require that the constitutional questions be considered and passed upon by the Court sitting in banc. In California, Kansas, Kentucky, Louisiana, Mississippi, and Missouri, there is no provision on this point. As it appears from the report of the Juridical Committee referred to above, the lawmakers had knowledge of the constitutional provisions in those states. Yet, they did not expressly adopt the rule of some of them that every constitutional question shall be considered and passed upon by the full Court.

In the case of *In re Opinion of the Justices*, 83 A.2d 213, 216, the Supreme Court of Maine employs the following language:

"It is the duty of every Court to protect and uphold the State and Federal Constitutions. A single justice of the Supreme Judicial Court, or of the Superior or any other statutory

court, has the *power* to pass upon the constitutionality of a Statute if the question be in issue. It has been the long established custom in this state, however, that a court at nisi prius, or a judge of any court having jurisdiction of the subject matter in litigation, will accept the presumption that any law passed by the Legislature is Constitutional unless it has been finally determined otherwise by the Supreme Judicial Court sitting as a Law Court."

The case of *Singer* v. *Ben How Realty*, 34 So.2d 553 (Fla.) holds that, although the Constitution provides that if a case involves the determination of a constitutional question it shall require the consideration of two divisions and the Chief Justice, if other unconstitutional questions are involved and the decision of the lower court is not adverse to the constitutionality of the law, a division may sit in the case.

The defendant-appellant contends that a statute is not constitutional or unconstitutional until the case is decided on the merits. He is not correct. A statute is and is presumed to be constitutional until otherwise held by a competent court. 74 A.L.R.2d 347, 58 A.L.R.2d 1304.

The number of judges necessary to transact the business of a court is to be determined by the constitutional or statutory provisions creating and regulating such court. 14 Am. Jur. 282, *Courts*, § 57.

The appellant also maintains that the constitutional, statutory, and regulatory provisions which empower the division to pass upon his case would be ex post facto because the defendant-appellant perfected his appeal before this Court in 1959, and only the full Court could pass upon constitutional questions, since neither the Constitution nor the laws in force nor the rules of this Court empower a division composed of three Justices to pass upon any question raised on appeal.

Appellant is not correct. In the case of *Duncan* v. *Missouri*, 152 U.S. 377, 14 Sup. Ct. 570, 38 L.Ed. 485, a similar

question was raised. It was alleged that the Constitution secured to plaintiff the right to have his appeal adjudicated by five judges, as provided by the Constitution at the time of the commission of the offense, and that that right was denied to him in the adjudication of his case by a court composed of three judges in accordance with an amendment to the Constitution of Missouri. The United States Supreme Court said the following:

"It may be said, generally speaking, that an *ex post facto* law is one which imposes a punishment for an act which was not punishable at the time it was committed; or an additional punishment to that then prescribed; or changes the rules of evidence by which less or different testimony is sufficient to convict than was then required; or, in short, in relation to the offense or its consequences, alters the situation of a party to his disadvantage; *Cummings* v. *Missouri*, 4 Wall. 277; *Kring* v. *Missouri*, 107 U.S. 221; but the prescribing of different modes of procedure and the abolition of courts and creation of new ones, leaving untouched all the substantial protections with which the existing law surrounds the person accused of crime, are not considered within the constitutional inhibition."

See *State* v. *Jackson*, 105 Mo. 196; 11 Am. Jur. 1189, Const. Law, § 361; *Beazell* v. *Ohio*, 269 U.S. 167; *Mallet* v. *North Carolina*, 181 U.S. 589, 597; *Gibson* v. *Miss.*, 162 U.S. 565, 590; *Thompson* v. *State of Utah*, 42 L.Ed. 1061, 1067, 170 U.S. 343, 352. In *Voorhess* v. *Cox*, 140 F.2d 132, 136, it was held that when the law in force at the time the revocation of the prisoner's parole was ordered required a hearing before the full Board, a hearing on the revocation held before an examiner appointed by the Board under a subsequently enacted law was not a violation of the ex post facto provision of the Constitution.

For the reasons stated, an order will be entered dismissing the "Motion of Coram Nobis Nature."