BOARD OF SUPERVISORS OF SCOTT COUNTY, appellant, v. VERNON L. PAASKE et al., appellees.

No. 49757.

(Reported in 98 N.W.2d 827)

1294

OCTOBER 20, 1959.

Martin D. Leir, County Attorney, Norman M. Peterson, Assistant County Attorney, and Doerr, Dower & Rehling, all of Davenport, for appellant.

Hall & McCarthy, of Davenport, for appellees.

PETERSON, J.—On April 1, 1949, Scott County adopted a county zoning ordinance in accordance with chapter 358A, 1958 Code. The ordinance provided that any school district or township in the county could adopt the provisions of the ordinance by filing a document in the office of the county recorder, signed by a majority of real property owners in the district. One of the provisions of the ordinance was that there should not be erected a one-family residence in the district on less than one acre of ground. LeClaire Township School District No. 4 filed such a document with the necessary number of signatures in the office of the county recorder on March 31, 1958, at 12:05 p.m.

Early in March 1958 defendant Vernon L. Paaske bought eight houses from the Iowa State Highway Commission located on a proposed new highway in Scott County. He then purchased in Mrs. Paaske's name a 2.4-acre tract, located out in the country in LeClaire Township to which he proposed to move five of the houses he had purchased.

After defendant purchased the houses on March 20 and prior to March 28, when he finally purchased the land, he made application to the zoning administrator, an assistant engineer for Scott County, for permits to move the houses, which application was granted. He also made inquiry of the administrator at said time as to whether or not LeClaire Township was subject to the county zoning ordinance. He was informed that it had not complied with the ordinance, and was not under its provisions.

Starting on March 28 and up until March 31 at 12:05 p.m., the effective date of the ordinance, the defendant performed the following preparations for removal of the houses to the tract: excavated the basements for four houses; placed a septic tank underground for the fifth house; laid concrete footings for the basement in two houses; entered into contract with a cement contractor for the building of the foundations under all five houses at a price of $1100; placed a substantial amount of the material in the form of cement blocks and steel on the tract of land.

Mr. Paaske testified that he had invested $8126 in the project before the case was started. This amount cannot properly be allocated as having been expended or contracted on the tract of land involved prior to the effective date and hour of the ordinance. Although the testimony does not make the division, we are justified, from the evidence, in concluding that approximately one fourth of this amount had been expended or contracted prior to March 31 at 12:05 p.m.

Board of Supervisors of Scott County filed this action April 23, 1958, seeking an injunction to stop defendants from proceeding with the improvement of the houses upon the tract of land in question, and a mandatory injunction for their removal.

The question is whether prior to the effective date and hour of the zoning ordinance defendants had performed such work and made such commitments on the tract of land that they had acquired a vested interest, permitting them to complete the project. Where a property is under consideration as to the effect of zoning ordinances and nothing has been done by way of improvement before the adoption of the ordinance the problem is not difficult. No vested rights have been established. However, where improvements have been made, or contracts entered into, while the owner was violating no law or ordinance, the question to be decided is whether or not such improvements or contracts are sufficient to establish vested rights. We find only four pertinent cases in Iowa where the subject has been discussed. All four cases have been cited by either appellant or appellees. Other Iowa cases are cited, but they are not analogous to the instant case.

Somewhat pertinent cases cited by appellees are: Crow v. Board of Adjustment, 227 Iowa 324, 288 N.W. 145; Stoner McCray System v. Des Moines, 247 Iowa 1313, 78 N.W.2d 843, 58 A. L. R.2d 1304.

Somewhat similar or pertinent Iowa cases cited by appellant are: Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 184 N.W. 823, 188 N.W. 921, 23 A. L. R. 1322; Call Bond & Mortgage Co. v. Sioux City, 219 Iowa 572, 259 N.W. 33.

In case of Crow v. Board of Adjustment, supra, Dr. F. J. Crow secured a permit on April 29 for the erection of a building in what was known as B Residence zone in Iowa City. He proposed to erect a building in which he would have an apartment for living quarters on the second floor, but on the first floor he would maintain his veterinary office and hospital, equipped for treatment of dogs and smaller animals. The ordinance permitted in the B residential district, in addition to private houses, such additional buildings and uses as lodging and boarding houses, apartment houses, hospitals and sanitariums. When Doctor Crow applied for his permit he informed the building inspector fully as to his proposed plans. The building inspector secured an opinion from the city attorney advising him that the type of building proposed by Doctor Crow was permissible in B residential districts.

After securing his permit Doctor Crow proceeded to demolish the old building on the lot involved. He entered into contract for construction of the new building, purchased material for the building, and had completed a part of the excavation and foundation work at a cost of several hundred dollars before May 2.

On May 2 certain property owners in the neighborhood filed an appeal to the Board of Adjustment as to the issuance of the permit by the building inspector. Upon hearing, a few days later, the Board canceled the permit. Doctor Crow instituted a certiorari action as to the cancellation order of the Board. The District Court affirmed the Board of Adjustment. In the discussion of the case by this court it was held that the meaning of the word "hospital" in the ordinance was somewhat ambiguous and debatable; that the judgment of the building inspector and the city attorney in issuing the permit under the circumstances was justified. We then stated (at pages 328, 329 of 227 Iowa, page 147 of 288 N.W.) :

"The building permit was valid in its inception and during the time the construction work was in progress. Due to the change in status quo during this period, Dr. Crow secured a vested right to proceed under the building permit as issued. Consequently, the board acted illegally in ordering the permit revoked upon the grounds relied upon."

Stoner McCray System v. Des Moines, supra, is a recent case. It is not clearly analogous to the case at bar. However, it does hold that because plaintiff had billboards erected and in use, upon which it had expended substantial sums, a vested right was established which the city could not destroy by the passage of a zoning ordinance.

Appellant cites Call Bond & Mortgage Co. v. Sioux City, supra. It involves the construction of a commercial greenhouse on property owned by the applicant located in Class A residential district of Sioux City. The permit was granted on September 13 and on the fifteenth day of September it was revoked and the $3.50 license fee tendered back. The only overt act of applicant was that he met a Mr. Mahoney on the street after he had secured his permit and verbally ordered 5000 brick. No price was set; no bricks were ever delivered; nothing was ever paid on the purchase price; and the order was in no manner

performed. Long after the permit had been revoked applicant set some stakes at the corners of the proposed building, but he stated under examination that the stakes had no value.

The suit was in the nature of an action for permanent injunction restraining the city from interfering with erection of the building. Trial court granted the injunction, but this court reversed stating that there had not been sufficient expenditure or actions of appellee to justify a holding that he had any vested rights.

Appellant cites Des Moines v. Manhattan Oil Co., supra. This was an action to enjoin defendants from the erection of a gasoline station in a restricted residential area. Adjoining property owners intervened, also requesting the injunction applied for by the city. On September 19 the city council adopted a resolution granting a permit to defendants. On September 24 another resolution was adopted rescinding the issuance of the permit.

One of the defendants, Mr. Macomber, had entered into a contract for the purchase of the property and also a contract for the erection of the filling station for defendant Manhattan Oil Company. However, at the time the permit was rescinded he had not yet acquired title to the property; no filling station had been constructed, although some material had been deposited on the lot. The court held that under these circumstances, when practically nothing had been done by the applicant, no vested rights had been established.

The last two cases briefly described above are not comparable to the case at bar and do not sustain appellant's position that a mandatory injunction should issue. In neither case had anything been done in the form of excavation, foundations, nor any other substantial work.

As a matter of general law we quote the following from Volume 8 McQuillin on Municipal Corporations, section 25.157, on page 360:

"Thus, when the granting of a building permit is followed by the letting of contracts and commencement of the work, a subsequent amendment to the zoning restrictions will not affect the permit. An alteration of a nonconforming structure having been lawfully authorized by permit and commenced, the permit-

tee has a vested right to complete the work. This is not necessarily true, of course, where the permittee had actual or constructive knowledge of the pendency of the zoning amendment at the time of the issuance of the permit and of the expenditures and work done under its authority."

As another statement of general law we quote the following from 58 Am. Jur., Zoning, section 149, on page 1023:

"Indeed, there is authority to the effect that an owner of real estate who is proceeding with construction or alterations at a time when he has a right to do so acquires a vested right to proceed therewith which may not be taken away by subsequent zoning legislation."

Starting April 1, and before this case was filed, appellees finished the foundations; placed all five houses on the foundations; purchased all necessary paint and plumbing; installed all septic tanks and connected them with the houses; and drilled a well to furnish water for all the houses. They proceeded no further, awaiting conclusion of the case. We doubt if these items can be taken into consideration, although they were installed and furnished within about two weeks after the effective date of the ordinance. Mr. Anderson, zoning investigator of Scott County, testified he went to the premises on April 4 to serve a notice on Mr. Paaske as to the ordinance becoming effective. He discovered that Mr. Paaske was in Rock Island so did not proceed further in the serving of any notice. Constructive notice, the recording of the document on March 31 at 12:05 p.m., was technically sufficient.

While this case is triable de novo, in a case of this type we give weight to the decision of the trial court. There was slight conflict in the evidence with reference to whether three or four cellars had been excavated. Mr. Paaske's testimony described in detail the excavation of four cellars. On such a question the finding of fact of the trial court is important because he observed the witnesses and was in a better position to arrive at the truth than we are from the cold pages of the record. On the complete record we give substantial weight to the findings of fact of the trial court.

Under the evidence in this case and in view of the decisions and general trend as to questions of this type in Iowa

1300

we hold that Mr. and Mrs. Paaske had acquired a vested interest in the property prior to the effective date and hour of the ordinance in LeClaire Township. As a matter of right and in equity they should be permitted to finish the houses, develop the surrounding yards, and prepare the homes for occupancy. In view of all the circumstances the residents of LeClaire Township should not consider themselves greatly aggrieved. The fact remains that after the adoption of the county zoning ordinance in April 1949 they waited nine years before taking any action to make it effective in their township.

It is impossible to fix a definite percentage of the total cost which establishes vested rights and applies to all cases. It depends on the type of the project, its location, ultimate cost, and principally the amount accomplished under conformity. Each case must be decided on its own merits, taking these elements into consideration.

The findings of fact, conclusions of law, judgment and decree of the trial court are affirmed.—Affirmed.

All JUSTICES concur.