109 N.W.2d 388 (1961)
172 Neb. 263
BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF SARPY, Nebraska, Appellee,
v.
Everett C. PETSCH, Appellant.
No. 34936.
Supreme Court of Nebraska.
May 26, 1961.
*389 Richard G. Stehno, Omaha, for appellant.
Dixon Adams, Bellevue, for appellee.
Heard before SIMMONS, C. J., and CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH and BROWER, JJ.
CARTER, Justice.
This is a suit to abate an alleged violation of zoning regulations of Sarpy County enacted pursuant to section 23-166, R.R.S. 1943, and to enjoin the operation, construction, maintenance, and extension of the use of defendant's property as a trailer court. The trial court held that defendant had a right to a nonconforming use of a portion of his property to the extent of 29 specified trailer spaces and enjoined the extension of such use without a permit pursuant to the zoning regulations of Sarpy County. The defendant appealed.
The evidence shows that zoning regulations were first adopted on or before 1955. Such regulations were held invalid by this *390 court on February 27, 1959. Board of County Commissioners of Sarpy County v. McNally, 168 Neb. 23, 95 N.W.2d 153. On April 15, 1959, the board of county commissioners of Sarpy County enacted a new zoning ordinance and plan pursuant to section 23-166, R.R.S.1943, which became effective April 17, 1959, and are the subject matter of the present action.
It is the contention of defendant that the zoning regulations are void for three reasons: (1) In failing to appoint a zoning commission before enacting the zoning regulations and plan, (2) in failing to hold public hearings and make reports required by the act, and (3) in attempting to enact new legislation by ratifying proceedings which had been declared invalid.
The former zoning regulations were declared invalid by this court for failure to publish the entire zoning resolution, including any map, plat, or zoning plan attached to, made a part of, or referred to in the resolution, as required by the applicable statute. Thereafter the matter was referred by the county board to the zoning commission for its further consideration. The zoning commission thereupon held meetings, took into consideration the facts determined in the previous attempt to zone, made minor changes, gave notice and held a public hearing on its preliminary report, and made a final report to the county board. Thereafter the county board gave notice, held a public hearing on the final report of the zoning commission, and subsequently adopted such final report and published the same as required by section 23-171, R.R.S. 1943. The members of the zoning commission had been appointed and reappointed since 1942. The appointment of a new commission was not required. An examination of the proceedings contained in the record show that the zoning regulations and plan were in compliance with statutory provisions and in all respects valid. Defendant relies on Shanahan v. Johnson, 170 Neb. 399, 102 N.W.2d 858, to sustain his position. In that case the county board physically located and completed the construction of a drainage improvement and paid for the same in full, all without complying with statutory conditions precedent to its authority to do so. Upon a holding that the assessment of the cost thereof to adjoining landowners was void, the county board attempted to correct its invalid proceeding by doing subsequently what it was required to do before it could properly assume any authority to act. This court held, under such circumstances, that a county board has no statutory power to make a reassessment after the previous assessment to pay the cost of a drainage improvement had been declared void by a court of competent jurisdiction. The case does not resemble the situation we have before us in the present case.
It is contended by defendant that he was using the lands in question as a trailer court before April 17, 1959, the effective date of the zoning regulations, and that he was entitled to a nonconforming use of the property involved as a trailer court to the extent to which it could be so used, to wit, 59 house-trailer spaces. The trial court found that 29 trailer spaces had been put to use prior to April 17, 1959, and limited defendant's right to a nonconforming use, except by permit, to 29 trailer spaces. The defendant asserts that the trial court was in error in so limiting his nonconforming use.
It is fundamental that a zoning regulation may not operate retroactively to deprive a property owner of his previously vested rights, that is, a zoning regulation cannot deprive the owner of a use to which his property was put before the zoning regulation became effective. City of Omaha v. Glissmann, 151 Neb. 895, 39 N.W.2d 828. The question presented by the present case is the extent of the nonconforming use to which defendant is entitled by virtue of the use to which the property had been put prior to the enactment of the zoning regulations on April 17, 1959.
The evidence in this case shows that defendant was the owner of the 20-acre tract of land described in the pleadings. *391 All except 3 acres were used in connection with an out-door theatre operation. Prior to April 17, 1959, the effective date of the zoning regulations, defendant had used a part of the 3-acre tract as a trailer court. The 3 acres consisted of a strip of ground along the north end of the tract and a larger plot of ground lying to the northwest of the theatre operation. These two tracts were contiguous and were used in conjunction for trailer-court purposes. Prior to April 17, 1959, 8 trailers had been installed in the north strip. Of these 8 trailers, 5 had been connected with power, telephone, water, and sewer facilities, 1 trailer was supplied with power, and 2 were not connected with any of these services. In the northwest plot, 5 trailers had been installed, all of which had been connected with telephone, power, water, and sewer services. The evidence further shows that sewer and water taps had been provided for 12 trailers in the north strip and 17 in the northwest plot. The evidence further shows that defendant had staked out 59 spaces for trailers on the 3-acre tract. Water and sewer mains were laid which connected both locations. Septic tanks had been installed to handle the sewerage. Defendant expended approximately $3,200 for labor and materials in establishing the trailer court before April 17, 1959. The water and sewer mains were constructed in a manner consistent with a full use of the 3 acres as a trailer court. Power and telephone service was available for the 3-acre tract.
Plaintiff's building inspector and a member of the zoning commission inspected the property on April 16, 1959, the day before the effective date of the zoning regulations. Their evidence is substantially the same as that of defendant as to the number and location of trailers on the 3-acre tract on that date. They did not observe the sewer outlets and water taps testified to by the defendant and his witnesses. They saw no boundary stakes which a witness for defendant testified had been removed at that time to permit mowing of the unused ground. We think under this evidence the defendant had acquired a vested right to a nonconforming use of the 3-acre tract as a unit for a trailer court prior to the effective date of the zoning regulations. Lamb v. A. D. McKee, Inc., 160 A. 563, 10 N.J.Misc. 649.
The question presented in the instant case is whether or not prior to the effective date of the zoning regulations defendant had performed such work, expended such funds in its development, assumed such liabilities, and made such commitments on the 3-acre tract of land that he had acquired a vested interest in a nonconforming use, permitting him to complete the project irrespective of the zoning regulations. It is clear that where none of these factors exists, no vested right to a nonconforming use exists. But where improvements have been made, or contracts entered into, while the owner was violating no law, ordinance, or regulation, the question is whether or not such improvements or contracts are sufficient to establish a vested nonconforming use. City of Omaha v. Glissmann, supra. The evidence heretofore recited is clearly sufficient to sustain a vested nonconforming use of the 3-acre tract as a unit for a trailer court.
A nonconforming use is the use of a building or land in a manner that does not agree with the regulations in the zoning district in which it is situated. By the terms of the zoning regulations, nonconforming uses existing at the time of their adoption can be continued. Under the evidence in this case defendant had made use of the 3-acre tract as a unit for a trailer court before the effective date of zoning regulations. Open areas in connection with an improvement existing at the time of the adoption of zoning regulations are exempt from such regulations as a nonconforming use, if such open areas were in use or partially used in connection with the use existing when the regulations were adopted. A contemplated or intended use, standing alone, is not sufficient. In other words, where a trailer-court project is partially *392 completed when zoning regulations become effective, and the evidence is clear as to the extent of the project, the completed project will ordinarily determine the scope of the nonconforming use.
The general rule is: "`As understood in the ordinance, "existing use" should mean the utilization of the premises so that they may be known in the neighborhood as being employed for a given purpose; i.e., the conduct of a business. Ordinarily an existing use for business combines two factors: (a) Construction or adaptability of a building or room for the purpose, and (b) employment of the building or room or land within the purpose.'" Chayt v. Board of Zoning Appeals, 177 Md. 426, 9 A.2d 747, 750. See, also, Haller Baking Company's Appeal, 295 Pa. 257, 145 A. 77; Board of Supervisors of Scott County v. Paaske, 250 Iowa 1293, 98 N.W.2d 827; Village of Skokie v. Almendinger, 5 Ill.App. 2d 522, 126 N.E.2d 421; City of Omaha v. Glissmann, supra.
In the Village of Skokie case it is held that the right to a nonconforming use under zoning regulations is a property right, and any statute or law purporting to take away that right is invalid.
In Board of Supervisors of Scott County v. Paaske, supra [250 Iowa 1293, 98 N.W. 2d 831], the court said: "It is impossible to fix a definite percentage of the total cost which establishes vested rights and applies to all cases. It depends on the type of the project, its location, ultimate cost, and principally the amount accomplished under conformity. Each case must be decided on its own merits, taking these elements into consideration."
We think the trial court was in error in limiting defendant's nonconforming use of the 3 acres as a trailer court. The judgment of the district court is reversed and the cause remanded with directions to dismiss plaintiff's petition.
Reversed and remanded with directions.