HOWARD E. CRANE ET AL., APPELLANTS, V. BOARD OF COUNTY COMMISSIONERS OF SARPY COUNTY, NEBRASKA, APPELLEE, WILLIAM L. BURKE ET AL., INTERVENERS-APPELLEES.

122 N. W. 2d 520

Filed July 12, 1963. No. 35347.

Richard G. Stehno, for appellants.

Dixon G. Adams, for appellee.

Swenson, Erickson & Westering, for interveners-appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

Howard E. Crane and Amelia A. Crane, the plaintiffs and appellants, applied to the building inspector of Sarpy County, Nebraska, for a special permit to construct and operate a trailer court upon the north 125 feet of Lot 8-C in Clinton's Subdivision in Sarpy County,

Nebraska. The board of adjustment denied the application and the plaintiffs appealed to the district court.

William L. Burke and Verna L. Burke, who own property to the east of the plaintiffs' land, intervened in the district court on behalf of themselves and a number of other property owners who are similarly situated and opposed the application.

The district court found generally against the plaintiffs and dismissed the action. The plaintiffs' motion for new trial was overruled and they have appealed. The county board of Sarpy County, Nebraska, which is the board of adjustment, is the defendant and appellee.

Counties in Nebraska are empowered to adopt a comprehensive zoning plan by resolution. § 23-114, R. R. S. 1943. This authority includes the right to regulate and restrict the use of house trailers. § 23-161, R. R. S. 1943. Pursuant to this authority, the county board of Sarpy County, Nebraska, has adopted such a resolution.

The zoning regulations divide Sarpy County into districts and regulate and restrict the use of the land in each district. The regulations provide that in addition to any building permit that may be required, a special permit shall be obtained before establishing or extending the use of a house trailer or house trailer camp or park in any district. The regulations also provide that an application for such a permit shall be made to the building inspector and that the zoning board of adjustment shall hold a public hearing on the application after notice of the hearing has been published.

The statute provides that any person aggrieved by the decision of the board of adjustment may present to the district court a petition alleging that the decision is illegal and specifying the grounds of illegality. The statute prescribes the procedure to be followed in the district court and authorizes the district court to take evidence if it shall appear that testimony is necessary for the proper disposition of the matter. § 23-168, R. R. S. 1943.

The general rule is that a decision of a board of adjustment will not be disturbed unless it is illegal, is not supported by the evidence, is arbitrary and unreasonable, or is clearly wrong. Frank v. Russell, 160 Neb. 354, 70 N. W. 2d 306.

The petition filed in the district court alleged that the plaintiffs were entitled to the permit as a matter of right; that the decision of the board of adjustment was illegal because the board failed to make any findings of fact or give any reasons for its decision; and that the decision of the board of adjustment was contrary to the evidence and was arbitrary and capricious. The plaintiffs' brief contains 15 assignments of error which, in substance, reassert the principal allegations of the petition.

The plaintiffs own and operate a motel and trailer court in Sarpy County, Nebraska. This property is located approximately 3 miles north of Offutt Air Force Base on Fort Crook Road, which is also U. S. Highway No. 73-75. The plaintiffs built their trailer court in April 1959, upon parts of Lots 7-A-1, 7-B, and 8-A. Lot 7-A-1 is a rectangular tract which extends east from the highway for a distance of approximately 686 feet. Lot 7-B is a triangular tract that lies east of Lot 7-A-1 and adjoins an old interurban railroad right-of-way.

Lot 8-C is an irregular tract which extends south approximately 204 feet from Lot 7-B to Childs Road. The west boundary of Lot 8-C is an extension of the line between Lot 7-A-1 and Lot 7-B. The east boundary of Lot 8-C is the old interurban right-of-way.

Chandler Road is one-half mile north of Childs Road. The area between Childs Road and Chandler Road generally is zoned "B-2" for a distance of 300 feet east from the highway. B-2 is a general business or commercial district in which hotels and motels are permitted uses.

Bellevue Boulevard is approximately one-third of a mile east of the highway. The area between Childs Road and Chandler Road, and between the highway and

Bellevue Boulevard and which is more than 300 feet east of the highway, generally is zoned "R-2." R-2 is a single-family residence district with a minimum lot area of 20,000 square feet. The area immediately east of the highway has developed into commercial uses generally. The area lying farther to the east has developed into residential uses generally. Thus, the zoning plan which the county adopted is consistent with the general trend of development.

Zoning regulations which were adopted by Sarpy County on or before 1955 were held invalid by this court in February 1959. Board of Commissioners v. McNally, 168 Neb. 23, 95 N. W. 2d 153. New zoning regulations adopted by Sarpy County became effective April 17, 1959. The plaintiffs have never obtained a special permit to operate their trailer court. To that extent, the operation of the trailer court constitutes a nonconforming use. Board of Commissioners v. Petsch, 172 Neb. 263, 109 N. W. 2d 388.

The west 300 feet of Lot 7-A-1 is zoned "B-2." Lot 7-A-1, except the west 300 feet, and Lots 7-B and 8-C are zoned "R-2." The plaintiffs purchased Lot 8-C in November 1960. At that time the plaintiffs knew that the land was zoned R-2 and that a trailer court could not be established upon the property without a special permit.

The zoning regulations provide that a house trailer park "shall be permitted in any District, but only after obtaining a Special Permit therefor after notice and hearing as provided in this Resolution, and only after a showing of compliance with all local and State health and sanitation regulations." The plaintiffs contend that an applicant must be granted a special permit upon a showing of compliance with all local and state health and sanitation regulations. This contention ignores the purpose and design of zoning regulations which are more than health and sanitation regulations.

County zoning regulations are intended to promote

the health, safety, and general welfare of the community by regulating and restricting the use of the land within the area zoned. § 23-161, R. R. S. 1943. The regulations must be made in accordance with a comprehensive plan designed to lessen congestion in the streets and highways, to prevent the overcrowding of lands and the undue concentration of population, and to encourage the most appropriate use of land. § 23-163, R. R. S. 1943. These same considerations apply to an application for a special permit to construct and operate a trailer court. Consequently, an applicant is not entitled to a special permit to operate a trailer court as a matter of right upon a showing of compliance with applicable health and sanitation regulations.

The plaintiffs complain that the decision of the board of adjustment was illegal because the board failed to make findings of fact or give any reason for its decision. The plaintiffs cite no authority which supports this contention. In the absence of a special requirement, the board of adjustment is not required to include findings of fact or a statement of the reasons for its decision in the order entered upon an application made to the board. See 101 C. J. S., Zoning, § 308, p. 1092.

The principal issue in this case is whether the action of the board was illegal because it was arbitrary and capricious. The plaintiffs produced evidence which tended to show that the board of adjustment has never granted any application for a special permit to operate a trailer court in Sarpy County. The record does not show the number of house trailers which are occupied or the number of trailer courts which are operating in Sarpy County. However, it is apparent from the record that the use of house trailers is not prohibited in Sarpy County. Under these circumstances, evidence that other applications for special permits have been denied does not establish that the refusal to grant a special permit to construct and operate a trailer court at the particular location involved in this case was arbitrary and capricious.

The evidence is in conflict as to whether adjacent property would be depreciated in value if the permit were granted and the north 125 feet of Lot 8-C was used as a trailer court. This factor alone is not controlling but it is a circumstance which the board of adjustment could consider. Although the exercise of the zoning power may not be denied on the ground that individual property rights may be adversely affected thereby, zoning regulations must give reasonable consideration to the character of the district and should conserve the value of buildings and encourage the most appropriate use of the land. § 23-163, R. R. S. 1943.

What is the public good as it relates to zoning ordinances affecting the use of property is primarily a matter lying within the discretion and determination of the municipal body to which the power and function is committed; and unless an abuse of discretion has been clearly shown, it is not the province of the court to interfere. Bucholz v. City of Omaha, 174 Neb. 862, 120 N. W. 2d 270.

It is not the duty of the court to determine what use should be made of Lot 8-C. That discretion rests with the zoning authority. It is the duty of the court to determine whether the board of adjustment had a right to refuse to issue the special permit. The issue is whether there was an abuse of discretion. Where the validity of the legislative classification for zoning purposes is fairly debatable, the legislative judgment is controlling. Bucholz v. City of Omaha, *supra*.

The plaintiffs argue that the grade or fill on the right-of-way to the east of Lot 8-C and the grading which has been done to raise the elevation of the south 79 feet of Lot 8-C, together with the other facts and circumstances, make the property peculiarly suitable for use as a trailer court and should compel the granting of the permit. It is true that the grade or fill on the right-of-way is somewhat of a barrier between Lot 8-C and the property lying to the east but there is a conflict in

the evidence as to its effectiveness. The plaintiffs do not own or control the right-of-way and there is no assurance that it will remain in its present condition. Perhaps the grading which has been done on Lot 8-C would make its use as a trailer court less objectionable but the grading does not remove the basic objections to the use.

The evidence establishes that trailer courts in general are not consistent with residential development. A trailer court is a relatively concentrated use of land. There is more activity and congestion on the land than is ordinarily incident to residential use. Many of the occupants may be transients who are not as interested in creating a desirable neighborhood influence as those persons who intend to live in the area for a long time.

In reality, the plaintiffs' application is in the nature of a request to extend a nonconforming use. Nonconforming uses are not favored. See Annotation, 18 A. L. R. 2d 725. The statute provides that the zoning regulations may provide for the gradual elimination of nonconforming uses. § 23-161, R. R. S. 1963. The zoning regulations provide generally that nonconforming uses shall not be extended and that a nonconforming use which is discontinued for 1 year or more shall not be resumed.

It is true that the zoning regulations provide that trailer courts may be operated in any district if a special permit is obtained. If the special permit were granted, then the use of the north 125 feet of Lot 8-C would not be a nonconforming use. But the trailer court which the plaintiffs now operate is a nonconforming use because they have never obtained the permit required by the zoning regulations. The use now extends from a B-2 district into an R-2 district. The purpose of the application is to extend the use onto additional land in the R-2 district. The board of adjustment could have found that this would be contrary to the purpose and design of the zoning plan.

The evidence does not sustain the plaintiffs' conten-

tion that the denial of the special permit deprives them of any practical economical use of their property.

From our examination of the record we have concluded that the evidence fails to show an abuse of discretion by the board of adjustment.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.

YEAGER, J., participating on briefs.