HOBSON, Judge.
Appellees own and occupy a home located on the southwest corner of Oleander and Glades Avenues in the City of Tarpon Springs, Florida. Desiring to build an accessory building in their yard, consisting of a garage and a playhouse, appellees on or about September 15, 1964, telephoned the Building Inspector of the City of Tarpon Springs, describing the addition and obtaining permission to build up to the property line provided that it was some 5 feet in distance from the main building. The new building allegedly was to replace an old wooden one similarly located.
Construction was begun with a 10-foot setback from the right-of-way of Oleander Avenue. After the footings had been dug and steel reinforcing rods installed, the Building Inspector notified the appellees that he would require a 15-foot setback.
Being dissatisfied with the decision of the Building Inspector, appellees requested the members of the Board of Adjustment of Tarpon Springs, the appellants herein, to come to appellees’ home and personally view the premises and consider the problem. In response to this request four of the five members of the Board of Adjustment surveyed the situation. During the ensuing conversation, the appellants present indicated that a 25-foot setback was necessary. Appellees stated they could get a permit calling for a 15-foot setback. In reply thereto appellants advised appel-lees that if they could get a permit with a 15-foot setback to go ahead and the Board would take no official action on the matter.
On September 23, 1964, Building Permit 130 was issued providing for a setback of 15 feet. Thereafter construction was begun oh said accessory building under this permit.
After a certain portion of the construction was completed appellants met further with the Building Inspector who thereafter issued a stop-work order on October 1, 1964. A total of $1,037 had been expended by the appellees at this time. On October 7, 1964, at a regular meeting of the Board of Adjustment, the stop-work order was confirmed cancelling Building Permit 130. This meeting was called by the Inspector by telephone notice but without filing a written appeal or paying a $10 application fee.
Appellees filed a petition for writ of certiorari in the Circuit Court of Pinellas County. The final decree rendered by the Circuit Judge found in part: That the City of Tarpon Springs is estopped to question the validity of its building permit; the building was properly located, in the “rear yard” of appellees’ property, and therefore not subject to the setback of 25 feet; and the appellant Board of Adjustment lacked jurisdiction in this matter since no appeal was taken as provided in the zoning ordinances and in Chapter 176, Florida Statutes ; and all costs were ordered paid by the appellants. Appeal is taken by the Board of Adjustment from this final decree.
*170 The chancellor below bottomed his holding upon the theory of- equitable es-toppel. The basis of equitable . estoppel consists of:
“(1) Words and admissions or conduct, acts and acquiescence, or all combined, causing another ;person to believe in the existence of a certain state or things;
(2) in which the person so speaking, admitting, acting and acquiescing did so willfully, culpably or negligently; and
(3) by which such other person is or may be induced to act so as to change his own previous position .injuriously.”, 12 Fla.Jur., Estoppel & Waiver, § 24.
. The Building Inspector for the City of Tarpon Springs, Joseph. McCreary, testified that he had been,the Building Inspector since 1961, and always construed the section of the Building Code here in question to allow a 15-foot setback and had issued at least four permits similar to the one here in question. While it appears from the record that the members of the Board of Adjustment were- not in complete agreement as to this interpretation, the record substantiátes that they led the appellees to believe that no action would be taken by them on this matter. Based on this consideration,' after obtaining a permit for a 15-foot'setback from the Building Inspector, the appellees proceeded and did expend the sum of $1,037 before the issuance of the stop-work order. Further, we cannot find any basis for appellants’ argument that the action of the Building Inspector in. issuing this permit was an invalid act; therefore rendering the Doctrine of Equitable Estop-pel inapplicable. We conclude the action of the Building Inspector in issuing the permit was.a valid, act and the appellees had reason to rely and did rely to their detriment on said act.
It was established by the Supreme Court of this state in the case of Sakolsky v. City of Coral Gables, Fla.1963, 151 So.2d 433, that the Doctrine of Equitable Estoppel may be invoked against a municipality.
, After an exhaustive review of the case law, briefs and' record-on-appeal, we conclude that the chancellor below was imminently correct in bottoming his decision upon the theory of Equitable Estoppel.
We think the case of Crow v. Board of Adjustment of Iowa City, (1939) 227 Iowa 324, 288 N.W. 145,:cited by the appellees, is analogous to the case sub judice and sustains their position herein. Crow, a veterinary surgeon, proposed to buy a lot in a residential district which also permitted the construction of hospitals. Prior to his purchase he inquired of and was assured by the building inspector that he could erect on the lot in'question two-story, building consisting of an upstairs apartment and a downstairs veterinary office and a small animal hospital. After completing his purchase, Crow filed his plans and specifications and applied for his building permit. Prior to the issuance, the building inspector obtained an opinion from the city attorney that the term “hospital” included a small animal hospital. The permit was issued on April 29 and several hundred dollars expended thereon by Crow when, on May 2, the building inspector issued a stop order. After the board hearing, the board can-celled and revoked the permit; Crow instituted certiorari proceedings to the District Court which upheld the board and Crow then appealed to the State Supreme Court. The court recognized the rule that a duly and legally issued building permit is more than a mere license revocable at the'will of the licensor when the permittee has acted thereon and incurred expenses. The court therefore reversed the District Court and reinstated the permit.
Appellants assign as their fourth point on'appeal that portion of the chancellor’s final decree assessing all taxable costs, against the appellants. We are unable to find sufficient language in the final decree holding that the appellants “acted with gross negligence, or in bad faith, or with malice in making the'decision appealed from,” such findings being a prerequisite to *171 assessing costs as set out in § 176.20, Fla. State., F.S.A. And further, upon examination of the record-on-appeal, we do not find sufficient evidence to hold, that the appellants came within the dictates of the above-mentioned statute. Therefore, that portion of the chancellor’s decree assessing taxable costs against the appellants is hereby reversed.
Affirmed in part and reversed in part.
SHANNON, Acting C. J., and LILES, J., concur.