182 N.W.2d 209 (1970)
186 Neb. 219
Raymond E. STAHLA, Appellant,
v.
BOARD OF ZONING ADJUSTMENT IN AND FOR HALL COUNTY, State of Nebraska, Appellee.
No. 37510.
Supreme Court of Nebraska.
December 23, 1970.
*211 Wagner & Grimminger, Grand Island, for appellant.
Robert E. Paulick, Gary G. Thompson, Grand Island, for appellee.
Heard before WHITE, C. J., and CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.
SPENCER, Justice.
This is an appeal from the affirmance by the district court of the denial by the county board of supervisors, sitting as a board of zoning adjustment, of plaintiff's request to operate a mobile home park on certain property within an area where such operation is conditionally permitted. We affirm.
Hall County, pursuant to section 23-114, R.R.S.1943, adopted a comprehensive zoning plan in 1968. Plaintiff does not challenge any of the procedural steps taken in the enactment of the zoning plan or any of the procedures resulting in the denial of his application. He does, however, urge that his constitutional rights were violated and that the ordinance is invalid as applied to him, first, because nowhere in the ordinance are mobile home parks unconditionally allowed, and second, because of discrimination in the granting of permits and the requirement of more stringent conditions for mobile home parks than for other businesses of a similar nature.
Plaintiff is the owner of 15 acres, 2 miles west of the edge of Grand Island, which he bought for a mobile home park. Before buying the property he ascertained from the county building inspector that the area was zoned TA-2, and while permitted in that zoning area, a special permit was necessary for a mobile home park. The building inspector suggested that before actually buying the property plaintiff should attempt to get a conditional use permit, but he purchased the property before applying for the permit. Plaintiff's property is located on a graveled county road approximately three-fourths of a mile north of U. S. Highway No. 30, with which it intersects. West Park Plaza, hereinafter referred to as Park Plaza, a mobile home park established in 1968, abuts U. S. Highway No. 30 on the south and the graveled county road on the east. It is located three-fourths of a mile south of plaintiff's property.
The right to full and free use and enjoyment of one's property in a manner and for such purposes as the owner may choose, so long as it is not for the maintenance of a nuisance or injurious to *212 others, is a privilege protected by law, and one of which a property owner may not be deprived without due process of law. The owner's right to use his property is subject, however, to reasonable regulation, restriction, and control by the state in the legitimate exercise of its police powers. The test of legitimacy is the existence of a real and substantial relationship between the exercise of those powers in a particular manner, and the peace, public health, public morality, public safety, or the general welfare of the city. See City of Milford v. Schmidt, 175 Neb. 12, 120 N.W.2d 262.
The pertinent provision of section TA-2 of the zoning ordinance, so far as material herein, is as follows: "4. TA-2 Transition Agricultural.Intent of this district to provide for a transition from primarily agricultural uses to medium density residential and other urban development in keeping with the growth of the county. This district permits both farm and non-farm dwellings and those agricultural uses which do not tend to be nuisances for this residential population.
"(a) Permitted Principal Uses:
"Raising of field crops and horticulture.
"Ranch and farm dwellings.
"Single family dwellings.
"Two family dwellings.
"Multiple family dwellings.
"Mobile home dwellings.
"On-site signs.
"Parks, playgrounds, golf courses, country clubs and tennis courts.
"(b) Permitted Accessory Uses:
"Home occupations.
"Other uses normally appurtenant to the permitted uses when established in conformance with the space limits of this district.
"(c) Permitted Conditional Uses:
"Mobile home park development.
"Cemeteries, crematories, mausoleums and columbarium.
"Educational services.
"Utility substations."
Plaintiff's first contention would merit serious consideration if there was nothing further in the zoning ordinance than the language of TA-2, but that is not the case for the term is amplified in other sections and as used in the ordinance is within the ambit of permissible zoning practice. "Conditional use," as used in TA-2, is defined by the ordinance in section 4, as follows: "A conditional use is a use that would not be appropriate generally or without restriction throughout the zoning district but which, if controlled as to number, area, location, or relation to the neighborhood, would promote the public health, safety, welfare, morals, order, comfort, convenience, appearance, prosperity, or general welfare. Such uses may be permitted in such zoning district as a conditional use, if specific provision for such conditional use is made in this zoning resolution."
The conditions governing applications for "conditional use," such as ingress and egress, safety and convenience, off-street parking, refuse and utilities, etc., and general compatibility with adjacent properties, are set out in subsection 2 of section 12 of said ordinance, and, contrary to plaintiff's contentions, are not vague and indefinite.
Plaintiff's main contention is that a mobile home park is a medium density residential use, the same as the permitted principal uses in TA-2, and by making mobile home parks a conditional rather than a principal use, the ordinance discriminates between medium density uses. He argues the conditions set forth in section 12 of the ordinance would be as fully applicable in determining the desirability *213 of a large multiple family complex, which is a principal medium density use, as they would to a mobile home park. We do not accept plaintiff's premise. While the two have many considerations in common, there are other considerations which would justify the difference in classification. Mobile home parks are not prohibited. They are permitted if they meet certain conditions. So long as those conditions are reasonable and are not arbitrarily applied, there is no cause for complaint.
What is for the public good as it relates to zoning ordinances affecting the use of property is primarily a matter lying within the discretion and determination of a municipal body to which the power and function is committed, and, unless an abuse of discretion has been clearly shown, it is not the province of the courts to interfere. Wolf v. City of Omaha, 177 Neb. 545, 129 N.W.2d 501. Where the validity of legislative classification for zoning purposes is fairly debatable, the legislative judgment is controlling. See Bucholz v. City of Omaha, 174 Neb. 862, 120 N.W.2d 270.
There are three mobile home parks in the area, including Park Plaza which has been in operation since August 25, 1968. Park Plaza started with 109 spaces, but now has 187 spaces available for mobile homes. As of the time of this hearing only 66 of those spaces were rented, and these were all within the first 109 authorized. Park Plaza has two points of ingress and egress, one on U. S. Highway No. 30, and the other on the graveled county road on which plaintiff's property is located three-quarters of a mile north. Plaintiff's proposed mobile home park for 80 spaces would have but one such point, and that onto the graveled county road. While the denial of the permit by the zoning board of adjustment does not set out the specific reasons for the denial, there are several considerations apparent which would distinguish plaintiff's application from that of Park Plaza. It is not necessary, however, to detail these considerations because plaintiff's attack is on the ordinance itself and not specifically on any factors which may have resulted in the denial of his application, except as they may affect the legality of the ordinance. In any event, we would not consider the denial of the permit arbitrary, unreasonable, or capricious on the record before us.
Plaintiff purchased his property May 8, 1969. The hearing on his application for a permit was held by the zoning board of adjustment on May 19, 1969. There were several objectors at the hearing. These included owners of residences in the immediate area of plaintiff's property who contested the compatability of plaintiff's proposed use of the property with its immediate area. The school board of district No. 38, the district embracing this area, also filed objections to the granting of the application on the basis that the school facilities in the district were already overextended by the three mobile home courts in the district, and to grant the permit would constitute an undue hardship on the district. These factors, while not alone controlling, are circumstances the zoning board of adjustment could consider.
While plaintiff bases his assignments of error herein on the unconstitutionality of the ordinance as it is applied to him, the thrust of his argument seems to be that as the area is zoned for medium density use and a mobile home park is a medium density use, he is entitled as a matter of right to the issuance of a permit. In this respect, plaintiff's inferences are fully answered by Crane v. Board of County Commissioners, 175 Neb. 568, 122 N.W.2d 520. In that case we said: "Under zoning regulations, an applicant is not entitled to a special permit to operate a trailer court as a matter of right upon a showing of compliance with applicable health and sanitation regulations."
*214 The burden is on one who attacks the validity of a zoning ordinance valid on its face and enacted under lawful authority to prove facts which establish its invalidity. Bucholz v. City of Omaha, 174 Neb. 862, 120 N.W.2d 270. We find plaintiff has failed to meet this burden. The judgment is affirmed.
Affirmed.