260 So.2d 233 (1972)
J.W. WILLIAMS, Petitioner,
v.
STATE of Florida, DEPARTMENT OF COMMERCE and David & Bailey Service Co., Inc., Respondents.
No. Q-10.
District Court of Appeal of Florida, First District.
March 14, 1972.
Rehearing Denied April 21, 1972.
*234 James E. Moore, and William Raymond Touchstone, Jr., of Moore & Crump, Valparaiso, for petitioner.
Kenneth H. Hart, Jr. and Alex D. Littlefield, Jr., Tallahassee, for respondents.
PER CURIAM.
Petitioner prays for a writ of certiorari to review decision of the Industrial Relations Commission of the Department of Commerce.
Briefly stated, the facts are that the petitioner had been employed as a subcontractor painter or foreman on a painting job. He and the men under him could not work when it was raining or weather precluded painting. There was a wet season and not much work being done. On March 1, 1971, Monday, the petitioner had reported for work, but was unable to work because of the weather. The next day, also a wet day, petitioner, after ascertaining from the weather bureau that rain was predicted for the balance of the week, agreed to help a friend move some articles to Georgia, without pay. He returned home on Friday night and learned from his employer that the men had worked on Friday, and that petitioner had been replaced. There is some dispute about some keys to a trailer where the paint and equipment was stored, and about a truck used on the job.
Petitioner made application for benefits under unemployment compensation, as provided by law, and followed the procedure required prior to petition to this Court.
We have reviewed the record and briefs and citations in support of each party's contention, and we are of the opinion and so hold, that the facts and circumstances surrounding this case do not support the respondent's decision that the claimant, petitioner, voluntarily left his employment without good cause attributable to his employer. We have reviewed the cases and are of the opinion that each case must stand on its facts. We are not unmindful of the fact that the Unemployment Compensation Law is remedial, humanitarian legislation and should be liberally and broadly construed.[1] The petitioner may have used bad judgment in not notifying his employer of his intended trip or in relying on the weather forecast, but nothing in this record substantially supports the fact that petitioner intended to abandon his job or that he deliberately absented himself for only one day when the weather permitted painting.
For the reasons stated, the decision of the respondent is quashed and this cause is remanded for entry of an order allowing the prescribed benefits.
CARROLL, DONALD K., Acting C.J., and WIGGINTON and JOHNSON, JJ., concur.
NOTES
[1] Williams v. Florida Industrial Commision, 135 So.2d 435 (Fla.App.3rd, 1961).