SHARP, Judge,
dissenting.
I respectfully dissent. There is evidence in the record to sustain the decision of the appeals referee and Board of Review, and since it is the agency statutorily entrusted with the interpretation of the unemployment compensation laws, we should affirm its decision.[1]
The majority opinion ignores the evidence in the record which shows that neither the employee nor the employer had in the past adhered to the strict letter of the unemployment compensation laws. Doyle was employed by her employer over an eight year period. She was frequently laid off and frequently recalled because the employ *1236 er’s work volume fluctuated in the normal course of business. When she was laid off, Doyle never sought other employment knowing she would shortly be recalled for work.
During these layoffs, it was the practice of the employer (whether required by a union contract or not) to give Doyle at least 24 hours recall notice before requiring her to return to work. Sometimes Doyle returned with the shorter notice; sometimes she did not. Never before had her unemployment compensation claims been challenged by her employer because she failed to return to work for a “non-compelling personal reason” when given less than 24 hours notice. Suddenly and without advance warning, the employer changed this practice, and Doyle now must forfeit one week’s unemployment compensation for one day’s work. She did return to work the following Monday.
Unemployment compensation laws are remedial and humanitarian, and they should be liberally and broadly construed. Williams v. State Dept. of Commerce, 260 So.2d 233 (Fla. 1st DCA), cert. denied, 264 So.2d 427 (1972). Doyle’s one day delay in returning to work seems no more egregious or “non-compelling” than the painter who thought it was going to rain and helped his friend move to Georgia instead of going to work. Williams. In this case, unlike Williams, the Board could also have found the employer contributed to Doyle’s failure to come to work on Friday, and it should be estopped to dispute her claim.[2]

. Board of Cty. Com’rs. v. Fla. Dpt. of Commerce, 370 So.2d 1209 (Fla.2d DCA 1979); C. F. Industries, Inc. v. Long, 364 So.2d 864 (Fla.2d DCA 1978).

. See generally Alderman v. Stevens, 189 So.2d 168 (Fla.2d DCA 1966); Davis v. Evans, 132 So.2d 476 (Fla. 1st DCA), cert. denied, 136 So.2d 348 (1961).