PER CURIAM.
We are compelled to reverse the final judgment and remand with direction to entertain a motion for substitution of the members of the unincorporated association here as parties plaintiff in order to effect a judgment in the amount which the trial court found to be owing by the defendants. See Johnston v. Albritton, 101 Fla. 1285, 134 So. 563 (1931); DeToro v. Dervan Investments Ltd. Corp., 483 So.2d 717, 721 (Fla. 4th DCA 1985); and Florio v. State ex rel. A.L. Epperson, 119 So.2d 305, 309 (Fla. 2d DCA 1960).
Because of the above precedents, we are without authority to affirm, notwithstanding the defendants’ execution of the defendants’ written commitment, as AAMCO franchisees, to the AAMCO Dealers Advertising Pool, which is the subject association.
However, we disagree with appellants’ initial point on appeal; namely, their attack upon everything they signed and partially performed, as well as the arbitration award, because the association was the named party in all of the foregoing, not the various franchisees in the market area. Appellants’ motion to strike in the trial court contended, for the first time, that the award was void because of the lack of jurisdiction occasioned by the Association’s having been the claimant.
Equitable estoppel is ordinarily in order when a party’s words and admissions or conduct, acts and acquiescence, or all combined, cause another to believe in a certain state of things; the party so speaking, *1185 admitting, acting, and acquiescing did so wilfully, culpably or negligently, and this conduct led the other party to change his position to his detriment. See, e.g., Alderman v. Stevens, 189 So.2d 168, 170 (Fla. 2d DCA 1966). Appellants at bar cannot deny that they undertook, in their franchise agreement, in the amended agreement and in their letter of intent, obligations to the advertising pool; that they paid a part of their advertising obligations over an eight year period to the advertising pool, and that the promissory note of their corporation was to the appellee. They likewise cannot deny that they agreed to binding arbitration with the pool, took part in the arbitration of the advertising pool’s claim against them and admitted a debt to appel-lee. Appellee can thus be seen to have been lulled into a sense of security in pursuing the remedy as it did; and appellee expended time and legal resources in that pursuit. To allow appellants to hide behind the issue of the association’s lack of capacity or standing at this late juncture is arguably also to countenance unjust enrichment. Surely appellants should not get the benefits of joint local advertising for AAM-CO franchisees without having to pay.
Accordingly, on remand, the trial court is also directed to entertain a similar motion, ordering the arbitrator to amend the award to reflect the proper names of the claimants, thus providing ultimate relief to the members of appellee with the consistency required by law and the prevalence of substance over form required by justice.
GLICKSTEIN and STONE, JJ., concur.
WALDEN, J., concurs in part and dissents in part with opinion.